IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SECURE ONE CAPITAL CORPORATION**<br><br>*Defendant.* | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James E. Shelton ("Plaintiff" or "Mr. Shelton") brings this Complaint and Demand for Jury Trial against Defendant Secure One Capital Corporation ("Defendant" or "Secure One") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Secure One violated the TCPA by making telemarketing calls to Plaintiff, whose number is listed on the National Do Not Call Registry, without his written consent.

## PARTIES

4. Plaintiff James E. Shelton is an individual residing in the Eastern District of Pennsylvania.

5. Defendant Secure One Capital Corporation is a California corporation which is registered to do business in Pennsylvania, with its registered agent office in Dauphin County, which lies within this District.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47

U.S.C. § 227 *et seq*.

7. The Court has general personal jurisdiction over Defendant Secure One because it has registered to do business in Pennsylvania, thereby consenting to the exercise of general personal jurisdiction in Pennsylvania.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant has its registered office in Dauphin County and therefore "resides" in this judicial district.

## BACKGROUND

**A.  The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.  THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.**

13. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential

telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

17. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

18. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

19. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the calls at issue.

21. Plaintiff's telephone number, (215) XXX-XXXX, is a residential, non-commercial telephone number.

22. Mr. Shelton uses the number for personal, residential, and household reasons.

23. Mr. Shelton does not use the number for business reasons or business use.

24. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

25. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than a year prior to the calls at issue.

26. Plaintiff has never been a customer of Secure One and never consented to receive calls or text messages from Secure One.

27. Despite that fact, throughout December of 2023 and continuing through September of 2024, the Plaintiff received at least fifteen calls and ten text messages from agents of Secure One who were attempting to sell him loans.

28. Specifically, on December 13, 2023, the Plaintiff received a call from the caller 340-625-1107 from an individual seeking to resolve the Plaintiff's "unsecured debt." The Plaintiff was then transferred on that very same call to an individual named "George Madrid," who stated that he was with Secure One Capital in California and attempted to pitch the Plaintiff debt relief services in the form of a loan to pay off debt and also offered to negotiate settlements with creditors on Plaintiff's behalf.

29. George then sent the Plaintiff an email from the email GeorgeM@secureonecapital.com that same day, thereby confirming that the illegal calls originated from the Defendant.

30. Thereafter, the Plaintiff received multiple calls and text messages from the Defendant's employee, Goerge Madrid, from the phone number 949-662-1239, seeking to get him to purchase the aforementioned debt relief services.

5

31. On December 18, 2023 at 12:39 PM local time, the Plaintiff texted the number a do not call request stating, "Stop calling me I'm busy."

32. The Defendant confirmed receipt of the request and that the Plaintiff would not be contacted by reply text at 12:40 PM that same day from the same phone number, stating, "no worries! will do, I can take you off the marketing list if youd like, but if you have some free time to chat this week let me know when its convenient for you so we can set up an appointment"

33. The calls and text messages continued from the 949-662-1239 number and from George, including multiple voicemail messages received *the very same day* of the aforementioned Do Not Call request and throughout January and February of 2024. The voicemails all stated that they were "George" with "Secure One Capital" and were calling to pay off debts and consolidate them into a low monthly payment and rate.

34. Thereafter, since the previous do not call requests were not being honoured, the Plaintiff sent an email to George Madrid at the GeorgeM@secureonecapital.com email address on July 2, 2024. That email stated, "Not interested don't contact me again."

35. However, the calls continued. On July 31, the Plaintiff received a call from the caller ID 215-600-4499 from an individual who wanted to sell the Plaintiff a home mortgage. During the call, the Plaintiff was transferred to "Yanal," another employee of Defendant, who began pitching mortgage refinance options, but the call disconnected.

36. Almost immediately, the Plaintiff received a call back from Yanal from the telephone number 949-478-0654 seeking to sell the Plaintiff a mortgage. The Plaintiff also received an email from Yanal at the same secureonecapital.com email address domain.

37. Defendant, through its employee Yanal, then continued to bug the Plaintiff incessantly through text messages and voicemails from the 949-478-0654 caller ID that continue through to as recently as this week.

38. All the calls and text messages were sent to attempt to sell the Plaintiff loans or debt consolidation services.

39. Upon information and belief, the Defendant is not registered as a telemarketer with the Pennsylvania Attorney General.

40. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

41. The calls were unwanted.

42. The calls were nonconsensual encounters.

43. In fact, as described, the Plaintiff requested that the calls stop on two occasions, one of which was confirmed, but they did not.

44. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

45. Plaintiff never provided his consent or requested the calls.

46. Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he were annoyed and harassed. In addition, the calls occupied his telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CAUSES OF ACTION
### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

47. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

49. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be

initiated to Plaintiff in a 12-month period, despite the person's registration of his telephone number on the National Do Not Call Registry.

50. These violations were willful or knowing.

51. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff is entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

52. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))

53. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

54. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff despite previously requesting that such calls stop.

55. Defendant's violations were negligent, willful, or knowing.

56. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## COUNT III
### Violation of the Pennsylvania Telemarketer Registration Act, 73 Pa. Cons. Stat. § 2241

57. By placing at least twenty-six telemarketing calls to the Plaintiff without registering as a telemarketer under Pennsylvania law, Defendant violated 73 Pa. Cons. Stat. § 2243.

58. This constitutes twenty-six violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

59. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

60. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

61. Plaintiff is also entitled to and does seek his reasonable attorney's fees and costs. 73 Pa. Cons. Stat. § 201-9.2(a).

62. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on their behalf from violating the PTRA in the future. 73 Pa. Cons. Stat. § 201-9.2(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against

Defendant for:

  A. Damages to Plaintiff pursuant to 47 U.S.C. § 227(c)(5);

  B. Damages to Plaintiff pursuant to the PTRA and UTP/CPL;

  C. Injunctive relief for Plaintiff, pursuant to 47 U.S.C. § 227(c)(5), the PTRA, and UTP/CPL, preventing the Defendant from making calls without registration to numbers listed on the National Do Not Call Registry and/or preventing the Defendant from making calls to numbers which have previously requested that the Defendant not call;

  D. Attorneys' fees and costs, as permitted by law, including under the PTRA and UTP/CPL; and

  E. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 9th day of September, 2024.

        */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        PA Bar #333687
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com